IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WINSTON BERNARD BLACK, JR.,**

    **Petitioner,**

v.                                   **CIVIL ACTION NO. 2:22cv345**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Winston Bernard Black, Jr. ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 16. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 16, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2018, before the Circuit Court of the City of Portsmouth ("Trial Court"), following a jury trial, Petitioner was sentenced for his convictions of first degree murder and second degree murder. ECF No. 1 at 1; ECF No. 18, attach. 1 at 1, 3. The Trial Court sentenced Petitioner to an active sentence of seventy years imprisonment. ECF No. 1 at 1; ECF No. 18, attach. 1 at 1, 3.

Petitioner filed a direct appeal of his criminal convictions to the Court of Appeals of Virginia. ECF No. 1 at 2; ECF No. 18, attach. 2. On appeal, the Petitioner argued (1) "the trial court erred in overruling [Petitioner's] motions to strike the testimony of Brian Townes and Keonte Key was inherently incredible and insufficient to support findings of guilt" and (2) "the trial court erred in refusing [Petitioner's] instruction [] pertaining to untruthful testimony of any witness." ECF No. 18, attach. 2 at 17, 20; *see also* ECF No. 1 at 2. The Court of Appeals of Virginia affirmed Petitioner's conviction and denied his petition for appeal on February 12, 2019. ECF No. 1 at 2; ECF No. 18, attach. 2 at 37–44. The Court of Appeals of Virginia affirmed Petitioner's conviction because the testimony "clearly and consistently placed [Petitioner] in the presence of [the decedent] when [the decedent] was stabbed and killed" and "a fact finder could have inferred from the evidence presented in this case that [Petitioner] committed" the murders. ECF No. 18, attach. 2 at 41, 42. Further, the Court of Appeals of Virginia found the jury instructions fully instructed the jury on the principles of witness credibility, and accordingly, the Trial Court did not abuse its discretion in refusing to give Petitioner's proffered jury instruction. *Id.* at 44.

After the Court of Appeals of Virginia denied Petitioner's request for consideration by a three-judge panel, Petitioner appealed his conviction to the Supreme Court of Virginia. *Id.* at 47;

ECF No. 18, attach. 3 at 1. On December 9, 2019, the Supreme Court of Virginia affirmed his conviction and refused his petition for appeal. ECF No. 1 at 2; ECF No. 18, attach. 3 at 40.

Petitioner then filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia (the "State Habeas Petition"). ECF No. 18, attach. 4 at 1. Petitioner notarized his State Habeas Petition on November 16, 2020, and the State Habeas Petition was officially filed on December 7, 2020. ECF No. 1 at 3; ECF No. 18, attach. 4 at 1. In his State Habeas Petition, Petitioner argued (1) violations of his due process rights resulting in "loss of liberty . . . based upon inconsistent, incredible, and perjured prosecuting witnesses [sic] testimony," ECF No. 18, attach. 4 at 5, (2) abuse of Trial Court's discretion in admitting testimony of Townes and Key, *id.* at 11, and (3) ineffective assistance of counsel, *id.* at 13. *See also* ECF No. 1 at 3. The Supreme Court of Virginia dismissed Petitioner's State Habeas Petition through a final order dated October 15, 2021 on the grounds that claims (1) and (2) could have been raised at trial or on direct appeal, and to the extent Petitioner did raise them at trial, he did not raise them on direct appeal, ECF No. 18, attach. 6 at 1–3, and claim (3) "failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different, *id.* at 5.

Petitioner filed the instant federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 1, 2022, raising the following claims:

> A. "Petitioner's Loss of Liberty was based upon inconsistent, incredible and perjured prosecution witness testimony in which the trial court abused its discretion by refusing to grant petitioners [sic] motion to strike." ECF No. 1 at 4.
>
> B. "The Trial Court abused its discretion in overruling [P]etitioners motion to strike the admitted perjured testimony of the prosecution witnesses which was the only evidence presented at trial to connect [P]etitioner to the crimes[] and was insufficient to support the jury's finding of guilt beyond any reasonable doubt." *Id.* at 6.

3

      C. "Ineffective Assistance of Counsel by counselors [sic] failure or neglect to argue that the granted [C]ommonwealth jury instruction 'II' was an incomplete model jury instruction and it was not duplicative of his proffered jury instruction AA." *Id.* at 7.

On May 25, 2023, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a brief in support of the Motion to Dismiss. ECF Nos. 16–18. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether the Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

*1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09cv41, 2009 WL 6319261, at *1 (S.D. W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. 2:09cv41, 2010 WL 1286891 (S.D. W. Va. Mar. 26, 2010). This case is governed by the limitation period set forth in the AEDPA. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA further contains a statutory tolling provision: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions, such as the instant Petition, are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(A). The federal one-year statute of limitations is tolled during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2).

   2. *Even Affording Petitioner Statutory Tolling, the Petition is Untimely.*

In the instant matter, the Trial Court sentenced Petitioner on March 19, 2018. ECF No. 1 at 1; ECF No. 18, attach. 1 at 1, 3. Following his appeal to the Court of Appeals of Virginia, the Supreme Court of Virginia affirmed Petitioner's conviction and denied his appeal on December 9, 2019. ECF No. 1 at 2; ECF No. 18, attach. 3, at 40. The time for seeking direct review in the United States Supreme Court is "90 days after entry of the order denying discretionary review," at which time the one-year § 2254(d)(1) statute of limitations begins running. Sup. Ct. R. 13.1. Thus, Petitioner's judgment became final for AEDPA purposes on March 9, 2020—90 days after the Supreme Court of Virginia denied Petitioner's appeal—and Petitioner's one-year statute of limitations began running at that time.[1]

On December 7, 2020, Petitioner filed his timely State Habeas Petition "within one year from . . . final disposition of the direct appeal in state court" as required by Virginia law. Va. Code

---

[1] Ninety days from December 9, 2019, is Sunday, March 8, 2020. However, Petitioner's deadline to file in the Supreme Court "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"—here, Monday, March 9, 2020. Fed. R. Civ. P. 6(a).

5

§ 8.01-654(A)(2). However, giving Petitioner the benefit of the doubt, Respondent found that Petitioner's statutory tolling began not on the date which the State Habeas Petition was actually filed but the date his petition was notarized and he could have deposited the petition in the institutional mail system, November 16, 2020. ECF No. 18 at 12. Accordingly, Petitioner executed his State Habeas Petition 252 days after the one-year AEDPA statute of limitations began, leaving 113 days remaining for his AEDPA statute of limitations.[2] The AEDPA statute of limitations was tolled until October 15, 2021, when the Petitioner's State Habeas Petition was dismissed, and began to run again on that date. ECF No. 18, attach. 6 at 1.

With 113 days remaining in Petitioner's AEDPA statute of limitations, his deadline to file his federal habeas petition was February 7, 2022.[3] Petitioner signed the instant Petition on July 28, 2022, and the Court received it on August 1, 2022—nearly six months after the AEDPA statutory deadline. ECF No. 1. Thus, even considering the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) already made available to Petitioner, his Petition is still untimely under AEDPA. Additional statutory tolling is unavailable to the Petitioner and the undersigned now considers the availability of equitable tolling.

3. *Petitioner is Not Entitled to Equitable Tolling.*

The AEDPA statute of limitations may be equitably tolled if a petitioner can demonstrate: (1) the petitioner pursued his or her rights diligently and (2) some extraordinary circumstance stood in the way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v.*

---

[2] Respondent calculated 254 days lapsed between the Supreme Court of Virginia's denial of Petitioner's direct appeal on March 9, 2020, and Petitioner's executed State Habeas Petition on November 16, 2020. Using Respondent's calculation, Petitioner's deadline to file his federal habeas petition was February 3, 2022.

[3] 113 days from October 15, 2021, is Saturday, February 5, 2022. However, Petitioner's deadline "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"—here, Monday, February 7, 2022. Fed. R. Civ. P. 6(a).

*DiGuglielmo*, 544 U.S. 408, 418 (2005). To meet the standard for equitable tolling, "[t]he petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No. 1:18cv262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018); *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). Petitioners must specifically explain how the alleged conditions affected their ability to pursue their claims within the statute of limitations. *Booker v. Clarke*, No. 3:21cv212, 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022); *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Additionally, "the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Application of a court's equity powers, including equitable tolling, should be considered on a case-by-case basis. *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964); *Holland*, 560 U.S. at 649–50. The Fourth Circuit has further explained equitable tolling should only be applied in "rare instances, where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("any resort to equity must be reserved for those rare instances.")). There is a "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Equitable tolling does

7

not apply to "garden variety claims of excusable neglect" or "mistake[s] of counsel," which includes attorneys' "erroneous interpretation of the statute of limitations provision." *Rouse*, 339 F.3d at 246, 248 (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)).

For example, this Court has declined to apply equitable tolling where a petitioner argued he was prevented from timely filing because of a routine prison transfer, which interfered with law library access and access to personal legal papers, finding such circumstances "are not extraordinary for the purposes of equitable tolling." *Allen v. Johnson*, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009). The Court further recognized other circumstances which would not qualify as extraordinary, including "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents." *Id.* (alterations in original) (citing *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). The Court reasoned that such circumstances do not qualify as extraordinary because "prisoners, who are 'familiar with the routine restrictions of prison life[,] must take such matters into account when calculating when to file a federal [habeas] petition.'" *Id.* (citation omitted). In another case, this Court declined to apply equitable tolling where the petitioner argued his extraordinary circumstances were ignorance of the law, lack of legal representation, COVID-19, and receiving bad advice. *Cottee v. Unknown*, No. 1:22cv149, 2023 WL 1071990, at *3 (E.D. Va. Jan. 26, 2023). In that case, the Court held the petitioner did "not state[] with specificity how the conditions he complains of prevented him from filing his § 2254 petition on time." *Id.*

Similarly, Courts have routinely declined to apply equitable tolling where the petitioner alleges ignorance of the law or lack of legal representation. Prisoners do not have an abstract right to a law library or legal assistance. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable

tolling."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citation omitted). Also, petitioners have "no constitutional right to counsel in . . . federal habeas proceedings." *Rouse*, 339 F.3d at 250. Additionally, some courts find prisoners who are "familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition." *Atkins v. Harris*, No. C 98-3188, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999).

Courts in the Fourth Circuit have routinely found that non-specific claims that a petitioner was unable to pursue his rights diligently due to the COVID-19 pandemic do not constitute extraordinary circumstances that warrant equitable tolling. *Booker*, 2022 WL 464554, at *4 (E.D. Va. Feb. 15, 2022) ("[T]he Court fails to discern, and Booker fails to explain, how the restrictions on Booker's physical access to the law library between April 2020 and September 2020 have any relevance on the issue of equitable tolling with respect to Booker's § 2254 Petition."); *Welch v. Nelson*, No. 5:21-767, 2022 WL 2068769, at *5 (D.S.C. Apr. 29, 2022) ("Petitioner fails to provide an adequate explanation as to why the resources he had available during [periods he was not quarantined] were not sufficient for him to timely file his petition. Petitioner's argument that the pandemic limited his ability to access the law library, standing alone, fails to establish extraordinary circumstance."), *report and recommendation adopted*, No. 5:21cv00767, 2022 WL 2067883 (D.S.C. June 8, 2022); *Shea v. Clark*, No. 1:22-cv-198, 2023 WL 1928772, at *7 (E.D. Va. Feb. 10, 2023) (finding an inmate not entitled to equitable tolling due to a lack of access to the law library during the COVID-19 pandemic because he was still able to complete a state habeas

9

petition without such resources); *Day v. White*, No. 1:22cv2, 2022 WL 4585522, at *5 n. 9 (E.D. Va. Sept. 29, 2022) ("To the extent petitioner contends the COVID-19 pandemic is cause for equitable tolling, 'the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis.'") (citations omitted); *Cottee*, 2023 WL 1071990, at *3 ("Petitioner has not stated with specificity how [his ignorance of the law, lack of legal representation, COVID-19, and bad advice] prevented him from filing his § 2254 petition on time.").[4] While some courts have indicated that the COVID-19 pandemic could amount to an extraordinary circumstance that warrants tolling under certain circumstances, persons would still need to show they were pursuing their rights diligently, "and would have timely filed if not for external obstacles caused by COVID-19." *Taylor v. United States*, No. 4:20CV1489, 2021 WL 1164813, at *3 (E.D. Mo. Mar. 26, 2021).

In specifically evaluating arguments for equitable tolling related to COVID-19, courts have considered whether the petitioner was able to file other court documents during the alleged hardship. For example, when a petitioner argued he was entitled to equitable tolling due to COVID-19 lockdowns and the inability to access legal advice, one court highlighted the fact that the petitioner was able to file a state habeas petition, and the filing of that petition weighed against equitable tolling for his federal habeas petition. *Shea*, 2023 WL 1928772, at *6 (E.D. Va. Feb. 10, 2023). Courts have also highlighted the fact that all prisoners were subject to lockdowns and the

---

[4] Other courts around the country have come to the same conclusion that the COVID-19 pandemic, without more specificity, does not constitute an extraordinary circumstance that warrants equitable tolling. *Brown v. Holbrook*, No. 21-35605, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) ("[The petitioner] argues that the pandemic has been an extraordinary circumstance for this nation but fails to explain how the pandemic generally had an extraordinary influence in this particular situation.") (internal quotations omitted); *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("[The petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19. The district court correctly concluded that [petitioner] hasn't [sic] shown that he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place.").

restrictions associated with it, supporting the notion that COVID-19 does not constitute an extraordinary circumstance. *See Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. 2021) ("[The petitioner] also could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols.").

Here, Petitioner indicates he is entitled to equitable tolling because "the COVID-19 pandemic stopped everything where [he was] incarcerated at [sic]. So [he] was not able to get the proper paperwork or the help to fill it out." ECF No. 1 at 12. In response, Respondent argues Petitioner "fails to show specific facts demonstrating that he satisfies the two prongs of the *Holland* test." ECF No. 18 at 15–16 (citing *Holland*, 560 U.S. at 649). Specifically, Respondent indicates Petitioner "does not specify when he supposedly lost access to the requisite forms, when he supposedly regained access to such forms, or other facts demonstrating, for instance, lack of access to the prison law library." *Id.* Further, Respondent argues "Petitioner does not detail any specific steps he took to diligently pursue his federal claims." *Id.*

The undersigned finds that Petitioner is not entitled to equitable tolling because Petitioner has not sufficiently demonstrated that he was diligently pursuing his federal claim or that some extraordinary circumstance prevented timely filing. As explained, equitable tolling is only appropriate in rare, unique, and extraordinary circumstances, and here Petitioner does not include specific facts or allegations in his Petition or subsequent briefs why this is one of those circumstances. First, Petitioner offers no explanation of the lockdown at his facility, nor does he allege any circumstances different from those experienced by all prisoners during the COVID-19 pandemic. Further, Petitioner indicates he was unable to get proper paperwork or help filling out paperwork, but he does not offer any specificity regarding what those limitations or restrictions

were, how long they lasted, or efforts he made to diligently pursue relief. Second, Petitioner completed and signed his State Habeas Petition on November 16, 2020, which was also during the COVID-19 pandemic, and Petitioner was able to pursue that action. Petitioner does not offer any explanation why he was able to file his State Habeas Petition during the COVID-19 pandemic, but not a federal habeas petition.

Under these circumstances, the undersigned declines to find Petitioner is entitled to equitable tolling. In light of the above analysis, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 16, be **GRANTED** on the basis of Respondent's timeliness argument.

### III. RECOMMENDATION

Because the Petition is untimely pursuant to AEDPA and Petitioner is not entitled to equitable tolling, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 16, be **GRANTED** on the basis of Respondent's timeliness argument, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied* 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 17, 2023